# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE 2. PLEASE TYPE OR PRINT 3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| 1600 Nelson Avenue Housing Development Fund Corporation, et al., Plaintiffs - Appellants, v. City of New York, Ahmed Tigani, in his capacity as Acting Commissioner of the New York City Department of Housing Preservation and Development, Preston Niblack, Commissioner of the New York City Department of Finance, Neighborhood Restore Housing Development Fund Corporation, Bronx Pro Group, LLC | Southern District | LAURA TAYLOR SWAIN |
| | Date the Order or Judgment Appealed from was Entered on the Docket: March 31, 2025 | District Court Docket No.: 23-CV-9616-LTS |
| | Date the Notice of Appeal was Filed: May 2, 2025 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Jesse Gribben 15 Maiden Lane 17th Floor; New York, NY 10038<br>Telephone No. 212-349-3000 x 1231; Fax No. 212-5870744<br>E-mail: jgribben@hgjlaw.com |
|---|---|
| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Corporation Counsel; NYC Law Department; 100 Church Street, New York, NY 10007<br>NYCFedApp@law.nyc.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| N/A | | | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"***: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B"***: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☐ Diversity | ☑ Final Decision ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

☐ Pre-trial
☐ During trial
☐ After trial

**2. Type of Judgment/Order Appealed**

☐ Default judgment
☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
☐ Dismissal/FRCP 12(b)(6) failure to state a claim
☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
☐ Dismissal/other jurisdiction
☐ Dismissal/merit
✓ Judgment / Decision of the Court
☐ Summary judgment
☐ Declaratory judgment
☐ Jury verdict
☐ Judgment NOV
☐ Directed verdict
☐ Other (specify):

**3. Relief**

☐ Damages:
☐ Sought: $ ______
☐ Granted: $ ______
☐ Denied: $ ______

☐ Injunctions:
☐ Preliminary
☐ Permanent
☐ Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

☐ Antitrust
☐ Bankruptcy
☐ Banks/Banking
✓ Civil Rights
☐ Commerce
☐ Energy
☐ Commodities
☐ Other (specify): ____________
☐ Communications
☐ Consumer Protection
☐ Copyright ☐ Patent
☐ Trademark
☐ Election
☐ Soc. Security
☐ Environmental
☐ Freedom of Information Act
☐ Immigration
☐ Labor
☐ OSHA
☐ Securities
☐ Tax

**2. Torts**

☐ Admiralty/ Maritime
☐ Assault / Defamation
☐ FELA
☐ Products Liability
☐ Other (Specify):

**3. Contracts**

☐ Admiralty/ Maritime
☐ Arbitration
☐ Commercial
☐ Employment
☐ Insurance
☐ Negotiable Instruments
☐ Other Specify

**4. Prisoner Petitions**

☐ Civil Rights
☐ Habeas Corpus
☐ Mandamus
☐ Parole
☐ Vacate Sentence
☐ Other

**5. Other**

☐ Hague Int'l Child Custody Conv.
☐ Forfeiture/Penalty
✓ Real Property
☐ Treaty (specify): ____________
☐ Other (specify): ____________

**6. General**

☐ Arbitration
☐ Attorney Disqualification
☐ Class Action
☐ Counsel Fees
☐ Shareholder Derivative
☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
☐ Yes ☐ No

Will appeal raise a matter of first impression?
☐ Yes ☐ No

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ____________ ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ✓ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ✓ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant:

Date: 7/23/25 Signature of Counsel of Record:

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## ADDENDUM A

## I. BRIEF DESCRIPTION OF THE NATURE OF THE ACTION

This case involves Defendant New York City's Third Party Transfer ("TPT") Program. The TPP was established in 1996 by Defendant New York City ["City"] pursuant to Local Law 37, codified in Section 404 of Chapter 4, Title 11 of the Code, under the guise of tax collection, and in reliance on its in rem foreclosure authority. The Program authorizes the City to foreclose on properties with overdue taxes and transfer ownership of those properties free of charge to designated partners, who develop and manage the properties. The property rights of the original owners are extinguished, and there is no mechanism for them to receive compensation for any value of their property in excess of their tax liability once the transfer is complete. See Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021). Plaintiffs alleged that the TPT Program does not actually serve any tax collection purposes, but instead was and continues to be used by the City as a pretext to advance its desire to seize and transfer Plaintiffs' private property without the constitutional detail of noticing the illegal seizure, or otherwise paying for the illegal taking. Thus, Plaintiffs sought the District Court to find that the municipal statute under which the City executed the TPT Program unconstitutional as applied, and otherwise illegal and thus void.

Plaintiffs asserted fifteen (15) causes of action, alleging violation of the Takings Clause (Counts I and VI), Equal Protection (II V, and VII), Due Process (III and VIII), Excessive Fines (IV and IX), Conversion (X), Unjust Enrichment (XI), Municipal Home Rule, NY GBL § 349 (Deceptive Practices) (XIII), and seeking equitable relief (XIV and XV).

## II. THE RESULT BELOW

The City and Non-Municipal Defendants Neighborhood Restore Housing Development Fund Corporation and Bronx Pro Group LLC ("Non-Municipal Defendants") filed motion to

dismiss Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6).

By Opinion and Order, filed on March 31, 2025, the District Court (granted the motions. The Court dismissed Counts XIV and XV of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and jurisdiction, respectively. The Court further dismissed Counts I-V of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as untimely. Lastly, the Court declined to exercise jurisdiction of Counts VI-XIII of Plaintiffs' Complaint pursuant to 28 U.S.C. section 1367(c).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION, ISABEL ADON, WALKIRIA COLON, RAFAEL COTTO, GLORIA FLORES, ERENIA FERMIN GUZMAN, LORANI GARCIA JOSE GONZALEZ, JOSE JUNIOR GONZALEZ, MATILDE GONZALEZ, VIOLETA GUERRERO KENIA MINIER, YADIRA POLANCO, GILBERTO RIVERA, DINORA VELASQUEZ and DORIS VELASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK, ADOLFO CARRION, Jr. (Commissioner of the New York City Department of Housing Preservation and Development), and PRESTON NIBLACK (Commissioner of the New York City Department of Finance), NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, and BRONX PRO GROUP, LLC,<br><br>Defendants. | Case Number 1:23-cv-09616-LTS<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiffs in the above captioned case, hereby appeal to the United States Court of Appeals for the Second Circuit the Memorandum Opinion and Order, entered March 31, 2025, dismissing Plaintiffs' Complaint in its entirety.

Dated: April 29, 2025
New York, New York

*Jesse Gribben*

Jesse Gribben, Esq.
Himmelstein McConnell Gribben & Joseph LLP
*Attorneys for Plaintiffs*
15 Maiden Lane, 17th Floor
New York, NY 10038
212-349-3000
jgribben@hmgjlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ISABEL ADON, et al.,

Plaintiffs,

-v-

No. 23-CV-9616-LTS

CITY OF NEW YORK, et al.,

Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiffs, 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson HDFC") and fourteen individuals (the "Individual Plaintiffs") who allegedly held an interest in the cooperative building held in trust by 1600 Nelson HDFC, bring this action against the City of New York (the "City"), Ahmed Tigani, in his capacity as Acting Commissioner of the New York City Department of Housing Preservation and Development,[1] Preston Niblack, in his capacity as Commissioner of the New York City Department of Finance (collectively, the "Municipal Defendants"), Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore"), and Bronx Pro Group, LLC ("Bronx Pro" and, collectively, the "Non-Municipal Defendants"), asserting fifteen causes of action related to the City's in rem foreclosure of the cooperative building. (See docket entry no. 3 ("Complaint").) The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

Pending before the Court are two motions to dismiss the Complaint in its entirety:

---

1 Pursuant to Federal Rule of Civil Procedure 25(d), the successor of Adolfo Carrion Jr., former Commissioner of the New York City Department of Housing Preservation and Development, is automatically substituted as a party to this action.

a motion filed by the Municipal Defendants (docket entry no. 16), and a motion filed by the Non-Municipal Defendants (docket entry no. 19), both of which are brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The Court has reviewed the parties' submissions thoroughly and, for the following reasons, Defendants' motions to dismiss are granted.

## BACKGROUND

The following facts are drawn from (1) the Complaint, and are presumed true for purposes of this motion practice, (2) documents from which judicial notice may be taken, and (3) relevant provisions of state and local law.

In 1996, the City enacted Local Law 37, establishing the Third Party Transfer Program (the "TPT Program") in reliance on its in rem foreclosure authority. (Complaint ¶ 79.) Since 1939, New York state law has authorized the City to engage in summary foreclosure proceedings against a res in order to collect unpaid municipal charges that, after a certain period of time, have matured into tax liens on that property. (Id. ¶ 80-81 (citing, inter alia, N.Y. REAL PROP. TAX LAW § 1120)); see also N.Y.C. ADMIN. CODE § 11-401 et seq. The TPT Program sought to utilize the City's in rem foreclosure authority to target buildings in disrepair "for effective intervention against abandonment." (Complaint ¶ 84 (citation omitted).)

Under the TPT Program, the Commissioner of the New York City Department of Housing Preservation and Development ("HPD") is tasked with reviewing parcels of class one and class two real property prior to a City tax lien sale to determine if any such parcel is

"distressed." [2] (Id.); see also N.Y.C. ADMIN. CODE § 11-401.1(a). A "distressed property" is defined, in relevant part, as a parcel of class one or class two real property that is subject to a tax lien or liens, with a lien or liens to value ratio equal to or greater than fifteen percent, and which meets further criteria demonstrating that the parcel has previously been subject to housing maintenance code violations or repair undertaken by the City. (Complaint ¶ 87 (citing N.Y.C. ADMIN. CODE § 11-401(4)).) Parcels that are determined to be distressed are excluded from the City's tax lien sale, and thereafter made subject to in rem foreclosure proceedings. (Complaint ¶ 84); N.Y.C. ADMIN. CODE § 11-401.1(a), (c).

Upon obtaining a judgment of in rem foreclosure, the City transfers ownership of the foreclosed property to certain third party organizations selected by HPD. (Complaint ¶ 94); see also N.Y.C. ADMIN. CODE § 11-412.1(b). These organizations are entitled to receive the foreclosed property in fee simple absolute following a four-month mandatory redemption period provided for in section 11-412.1(d) of the New York City Administrative Code ("Administrative Code"). (Complaint ¶ 94 (citing N.Y.C. ADMIN. CODE § 11-412.1(c)).) If the Commissioner of the New York City Department of Finance ("DOF") fails to transfer the foreclosed property within eight months after the foreclosure judgment, ownership of the property may be restored in the parties who had an interest in the property immediately before the foreclosure judgment was entered. (Complaint ¶ 94); see also N.Y.C. ADMIN. CODE § 11-412.1(i). Not all properties that have been made subject to in rem foreclosure and included in the TPT Program by the City are, however, distressed. (Complaint ¶¶ 90-92; docket entry no. 18 ("MD Mem.") at 6-7.)

---

2 Class one real property consists of most residential properties with up to three units, and condominiums that are not more than three stories, whereas class two real property includes all other property that is primarily residential and is not in class one, such as rentals, cooperatives, and condominiums. See N.Y. REAL PROP. TAX LAW § 1802(1).

Plaintiff 1600 Nelson HDFC is a cooperative corporation, which owned the subject cooperative building located at 1600 Nelson Avenue, Bronx, New York (the "1600 Nelson Property") beginning in November of 1986, when it acquired title from the City. (Complaint ¶¶ 48-49.) 1600 Nelson HDFC held the 1600 Nelson Property in trust, and operated the building for the benefit of the individuals entitled to purchase capital stock in the building's cooperative apartment units. (Id. ¶ 49) The Individual Plaintiffs each were shareholders in 1600 Nelson HDFC. (Id. ¶¶ 51-65.)

On July 7, 2015, the City commenced in rem foreclosure proceedings against the 1600 Nelson Property, representing that $399,345.35 was assessed in municipal arrears for taxes and water and sewer charges assessed against the property, and that the Property was subject to a tax lien of $14,392.62. (Id. ¶¶ 20-21.) On November 16, 2017, the Supreme Court of the State of New York, County of Bronx ("Bronx County Supreme Court"), entered an order granting a default in rem foreclosure judgment against the 1600 Nelson Property in favor of the City. (See docket entry no. 19-2 at 23-30; Complaint ¶ 22); In Rem Foreclosure Action No. 52, Borough of Bronx, Index No. 40000/2015 (N.Y. Sup. Ct., N.Y. Cnty.) (the "Bronx 52 Action"). As part of the TPT Program, the 1600 Nelson Property was thereafter transferred to Defendant Neighborhood Restore on September 13, 2018. (Complaint ¶ 23.)

Plaintiffs allege that, on the date of commencement of the in rem proceedings in July 2015, the 1600 Nelson Property was not a statutorily "distressed" property, that none of the Plaintiffs received notice of the commencement of foreclosure proceedings, and that the Municipal Defendants did not comply with any of the additional notice requirements imposed by governing law. (Complaint ¶¶ 20-21.) Plaintiffs further allege that they did not receive notice of the November 2017 default judgment, and that they did not receive any compensation "for the

surplus or equity in their properties, even though the value of the [1600 Nelson Property] far exceeded the putative tax liens separately or in the aggregate." (Id. ¶ 22-23.) According to Plaintiffs, they first learned of the foreclosure and subsequent transfer of the 1600 Nelson Property in September 2018, when agents or employees of Defendant Neighborhood Restore "knocked on their cooperative-unit doors, informed them that Neighborhood Restore was now their landlord, and sought to change the locks to the building's entrance door." (Id. ¶ 24.)

On September 26, 2018, Plaintiff 1600 Nelson HDFC filed a motion to vacate the 2017 default in rem foreclosure judgment and subsequent transfer of title in Bronx County Supreme Court. (See docket entry no. 19-2 at 18-20.) On May 31, 2019, the Bronx County Supreme Court denied 1600 Nelson HDFC's motion to vacate. (Docket entry no. 17-3.)

On January 18, 2022, following 1600 Nelson HDFC's appeal, the New York State Supreme Court, Appellate Division, First Department ("First Department") affirmed the Bronx County Supreme Court's May 2019 order denying the motion to vacate, finding that 1600 Nelson HDFC's motion was properly denied as untimely, that the First Department had "already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process" and that the record "support[ed] the [Bronx County Supreme Court's] conclusion that the City complied with the other statutory notice requirements." In re Tax Foreclosure Action No. 52, 201 A.D.3d 517, 517-18 (N.Y. App. Div., 1st Dep't 2022) (citation omitted). The First Department further found that, "to the extent the motion is not time-barred, we reject defendant's argument that its building was not a proper subject of this foreclosure proceeding under the Third Party Transfer Program because it is not a 'distressed' property," and found the "remaining arguments that are not time-barred" to be unavailing. Id. at 518 (citations omitted).

On May 10, 2022, the First Department denied 1600 Nelson HDFC's motion for leave to appeal its January 2022 decision to the New York Court of Appeals. City of New York v. 1600 Nelson Ave. Hous. Dev. Fund Corp., 2022 N.Y. App. Div. LEXIS 7402 (N.Y. App. Div., 1st Dep't May 10, 2022). On September 15, 2022, the Court of Appeals also denied 1600 Nelson HDFC's motion for leave to appeal, "upon the ground that the orders sought to be appealed from do not finally determine the action within the meaning of the [New York] Constitution." City of New York v. 1600 Nelson Ave. Hous. Dev. Fund Corp., 38 N.Y.3d 1171 (N.Y. 2022).

On November 17, 2023,[3] Plaintiffs initiated the instant action, asserting a total of fifteen claims, pursuant to 42 U.S.C. section 1983 ("Section 1983"), 42 U.S.C. section 1985 ("Section 1985"), the New York State Constitution, and New York statutory provisions and common law principles. (See generally Complaint.) Plaintiffs raise many of the same arguments that were asserted in the state court proceedings, arguing that the in rem foreclosure was unlawful under the TPT Program, as the 1600 Nelson Property was not "statutorily distressed," and that Plaintiffs did not receive requisite notice. (Id. ¶¶ 27, 30.) Plaintiffs raise further arguments concerning the administration of the TPT Program more generally, including the assertion that the TPT Program is administered in a discriminatory manner (id. ¶ 13), and that the Program exceeds the state statutory grant of authority because it is utilized for purposes other than collection of tax liens and includes in in rem foreclosure actions properties that are not "statutorily distressed." (Id. ¶¶ 1, 6, 200.)

3 Plaintiffs attempted to initiate the instant action on November 1, 2023, but, due to various filing deficiencies, did not file the operative Complaint until November 17, 2023. This discrepancy is not material for purposes of the instant motion practice.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. (citation omitted), but a complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In deciding a Rule 12(b)(6) motion, a court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff." Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017) (citation omitted).

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds . . . the Court must consider the Rule 12(b)(1) motion first." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (citations omitted). Although courts are generally limited to examining the sufficiency of the pleadings in ruling on a motion to dismiss under Rule 12, "the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings" where a party challenges the court's subject matter jurisdiction. Flores v. S. Peru Copper Corp., 414 F.3d 233, 255 n.30 (2d Cir. 2003) (citation omitted). The party asserting jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. See APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

In resolving a motion to dismiss, a court is also "free to consider documents that are incorporated into the complaint by reference or attached to the complaint as exhibits, or

whose terms and effect are relied upon by the plaintiff in drafting the complaint," Gryl ex rel. Shire Pharms. Gpr. PLC v. Shire Pharmaceuticals Grp. PLC, 298 F.3d 136, 140 (2d Cir. 2002), and to take judicial notice of a document filed in another court "to establish the fact of such litigation and related filings." Glob. Network Communs., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (citation omitted).

The Court turns to the Defendants' jurisdictional arguments regarding application of the Rooker-Feldman doctrine to this case and Plaintiffs' standing, before addressing Defendants' arguments concerning Plaintiffs' allegedly insufficient pleading of the remaining claims.

Rule 12(b)(1) Review – Rooker-Feldman

Defendants assert that the Complaint is barred, at least in part, by the Rooker-Feldman doctrine, which prevents "federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases." Dorce v. City of New York, 2 F.4th 82, 101 (2d Cir. 2021) (citing 28 U.S.C. § 1257). This doctrine is named after the first two cases in which it was articulated, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). For Rooker-Feldman to apply, four requirements must be met: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." Dorce, 2 F.4th at 101 (internal quotation marks and citation omitted). "[T]he second requirement—that the plaintiff complains of an injury caused by a state-court judgment—is the core requirement from which the other Rooker-Feldman

requirements derive," although all four requirements must be met for the jurisdictional bar to apply. Sung Cho v. City of New York, 910 F.3d 639, 646 (2d Cir. 2018) (emphasis in original) (internal quotation marks and citation omitted).

The Municipal Defendants argue that, to the extent the Complaint seeks reversal of the foreclosure of the 1600 Nelson Property, or compensatory damages above the "surplus" or "excess value" of the Property, Plaintiffs' claims are barred by Rooker-Feldman. (MD Mem. at 11.) The Non-Municipal Defendants additionally argue that the Bronx County Supreme Court found that the New York City Commissioner of Finance was the entity responsible for the in rem foreclosure at issue in Bronx 52, and that Plaintiffs therefore "cannot now challenge that Finding of Fact and claim that Neighborhood Restore and Bronx Pro were involved in that process[.]" (Docket entry no. 20 ("NMD Mem.") at 7.) Plaintiffs assert that Rooker-Feldman does not apply to this case for several reasons: (1) the prior state court actions were in rem, meaning Plaintiffs have not previously litigated their claims in state court; (2) the fourth prong of Rooker-Feldman is not met here, as there is currently pending a motion for leave to renew 1600 Nelson HDFC's motion to vacate the underlying default judgment in the Bronx 52 Action; (3) Rooker-Feldman "does not apply to general constitutional challenges to the validity of a statute"; and (4) applying Rooker-Feldman in this case "would run contrary" to the Supreme Court's decision in Knick v. Twp. of Scott, 588 U.S. 180 (2019). (Docket entry no. 31 ("Pls. Mem.") at 20-24.) Defendants assert that each of these arguments lacks merit.

Plaintiffs' claims are largely identical to the claims advanced by the plaintiffs in Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021), a case in which the plaintiffs similarly challenged in rem transfers pursuant to the TPT Program, and the TPT Program as a whole. As held in Dorce, the Court agrees that, to the extent Plaintiffs seek reversal of the foreclosure of the

1600 Nelson Property, or compensatory damages exceeding the surplus value of the Property after accounting for taxes owed, Rooker-Feldman bars such review. Id. at 108. Turning to the first requirement of Rooker-Feldman, Plaintiffs plainly lost in state court when the City first obtained an in rem foreclosure judgment against the property in the Bronx 52 action, and in the proceedings that followed, satisfying the first Rooker-Feldman requirement. The Dorce plaintiffs attempted to advance the same argument as Plaintiffs here in contending that this requirement was not met, i.e., that the plaintiffs were not named parties in the in rem foreclosure action. Id. at 102. While the Second Circuit conceded that the argument "has some logical force," the panel flatly disagreed with the plaintiffs' position, finding that "[s]omeone who loses an ownership interest in property through a state in rem foreclosure proceeding against the property has lost in state court" for purposes of Rooker-Feldman. Id. (noting that to hold otherwise would preclude state courts from "exercising in rem jurisdiction without the risk of federal courts undoing their work").

As to the second and third requirements, again, as in Dorce, Plaintiffs "cannot seek to void the state court foreclosure decision[] transferring their property" in an action before this Court. Id. at 104; (see also, e.g., Complaint ¶ 214 (seeking declaratory judgment that the Non-Municipal Defendants have no "right, title, claim, lien, mortgage, or interest" in the 1600 Nelson Property, and that Plaintiff 1600 Nelson HDFC is the owner in fee simple absolute).) This type of claim is "squarely foreclose[d]" by Rooker-Feldman, "both because it addresses an injury caused by the state court judgment, and because it would require the district court to review that judgment." Dorce, 2 F.4th at 104. While claims concerning misconduct that purportedly preceded the state court proceeding are not barred by Rooker-Feldman—such as the due process claims in this case concerning allegedly improper notice—reversal of the foreclosure

judgment entered by the Bronx County Supreme Court, or attempts to seek corresponding compensatory damages, are beyond this Court's purview. Id. Similarly, as the Municipal Defendants note, Rooker-Feldman bars "challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." (Docket entry no. 32 ("MD Reply Mem.") at 10 (quoting Feldman, 460 U.S. at 486).) The same is true even where a plaintiff seeks to challenge the constitutional validity of the statute on which the state court relied in the action. See, e.g., Dorce, 2 F.4th at 104 (discussing Feldman and explaining that, "although the plaintiffs there could not seek federal court review of state court judgments denying their requests for waiver of a rule [before a district court]. . . they could mount a general challenge to the constitutionality of the rule in federal court" (emphasis in original) (citations and internal quotation marks omitted)).

The final requirement of Rooker-Feldman, which mandates that the relevant state proceedings have "ended," is also met in this case. See Hoblock v. Albany Cnty. Bd. Of Elections, 422 F.3d 77, 89 (2d Cir. 2005); accord Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). On November 16, 2017, the City obtained an in rem foreclosure judgment against the 1600 Nelson Property. (See docket entry no. 19-2 at 23-30.) On May 31, 2019, the Bronx County Supreme Court denied Plaintiff 1600 Nelson HDFC's motion to vacate and reverse that foreclosure and the subsequent transfer of the 1600 Nelson Property. (Docket entry no. 17-3.) On January 18, 2022, the First Department affirmed the denial of 1600 Nelson HDFC's motion to vacate, finding that the motion to vacate was untimely, and further rejecting all of 1600 Nelson HDFC's arguments on appeal on the merits. See In re Tax Foreclosure Action No. 52, 201 A.D.3d 517 (N.Y. App. Div., 1st Dep't 2022). On May 10, 2022, the First Department denied 1600 Nelson HDFC's motion for leave to appeal the January 18, 2022

decision to the New York Court of Appeals. City of New York v. 1600 Nelson Ave. Hous. Dev. Fund Corp., 2022 N.Y. App. Div. LEXIS 7402 (N.Y. App. Div., 1st Dep't May 10, 2022). Finally, on September 15, 2022, the Court of Appeals also denied Nelson HDFC's motion for leave to appeal. City of New York v. 1600 Nelson Ave. Hous. Dev. Fund Corp., 38 N.Y.3d 1171 (N.Y. 2022). Having seemingly pursued every available avenue for state appellate review, Plaintiffs initiated this action in November 2023.

Plaintiffs now assert that the state court proceedings "have arguably not ended within the meaning of Rooker-Feldman" because, three days before Plaintiffs filed their opposition papers in the instant case, and after four requested extensions of time to do so, 1600 Nelson HDFC filed a motion for leave to renew its motion to vacate the default foreclosure judgment in Bronx County Supreme Court. (Pls. Mem. at 22; docket entry no. 30-4.) Apart from the fact that said motion has, as of the date of this Memorandum Opinion and Order, been denied by the Bronx County Supreme Court,[4] the state court proceedings had ended within the meaning of Rooker-Feldman prior to the Complaint being filed in the instant litigation. Federal courts "assess jurisdiction as of the moment the complaint was filed." Hunter v. McMahon, 75 F.4th 62, 67 (2d Cir. 2023). At the time Plaintiffs filed their Complaint, Plaintiff 1600 Nelson HDFC's vacatur motion had been denied, and appeal of that denial had been pursued to the New York Court of Appeals. See Hoblock, 422 F.3d at 89 (finding that, where plaintiff in New York

4 The Bronx County Supreme Court denied 1600 Nelson HDFC's motion to renew on August 1, 2024. A copy of the decision is appended to this Memorandum Opinion and Order as Appendix A. Had the Bronx County Supreme Court found it appropriate to reexamine its holding in light of 1600 Nelson HDFC's motion to renew, there might have been questions raised concerning the application of comity or abstention doctrines. (See Pls. Mem. at 22-23.) These issues are plainly not before the Court, however, in light of the Bronx County Supreme Court's finding that the motion to renew was "entirely misplaced."

state litigation has pursued appeals of relevant state court judgment to the Court of Appeals, and the Court of Appeals has rendered its decision, "the state suit has unequivocally terminated" for Rooker-Feldman purposes).

Although Plaintiffs assert that the Court of Appeals' denial was issued because the "orders of the NY Supreme Court and Appellate Division did not 'finally determine the action within the meaning of the Constitution'" (Pls. Mem. at 22-23), Plaintiffs do not assert that there remains time to appeal the default foreclosure judgment or the denial of the relevant vacatur motion, both of which were entered roughly 6 and 5 years, respectively, before Plaintiffs' Complaint in this action was filed. Cf., e.g., Hunter, 75 F.4th at 69 n.9 (gathering case law in which the Rooker-Feldman doctrine was held to operate as a jurisdictional bar because, inter alia, the time to appeal the relevant state-court judgment had passed). Plaintiffs therefore have not demonstrated that the fourth requirement of Rooker-Feldman is unmet in this case. See APWU, 343 F.3d at 623 (2d Cir. 2003) (party invoking federal jurisdiction has burden to show establish jurisdiction by preponderance of evidence).

In sum, to the extent Plaintiffs ask this Court to review and reject the in rem foreclosure judgment, or seek compensatory damages above "surplus" or "excess value" of the 1600 Nelson Property after accounting for the tax arrears owed to the City, any such claims are barred by Rooker-Feldman, all four requirements of that doctrine having been met in this case. Those portions of the Complaint (see Complaint ¶¶ 141, 164, 169, 174, 179, 184, 188, 195), and Count XV in its entirety (id. ¶¶ 213-214), are therefore dismissed.

The Court is less persuaded by the Non-Municipal Defendants' attempts to extricate themselves from this litigation by invoking Rooker-Feldman. (See NMD Mem. at 7-8.) To start, the judgment of foreclosure issued by the Bronx County Supreme Court did not find

that the Commissioner of Finance "was the entity responsible for the creation of the properties that were included in Bronx 52, as well as the exclusion of Properties, pursuant to Admin. Code § 11-413," as the Non-Municipal Defendants claim. (Id. at 7.) Rather, the Bronx County Supreme Court's findings of fact formulaically recited the process by which in rem foreclosure is effectuated in New York City, finding that the Commissioner of Finance "caused" to be filed, posted, and mailed copies of the list of properties on which the City sought to foreclose in the Bronx 52 Action, including the 1600 Nelson Property, in accordance with the relevant Administrative Code requirements. (See docket entry no. 19-2 at 23-27.)

Moreover, attempts to relitigate a factual issue determined in state court are more properly analyzed under issue or claim preclusion principles, rather than Rooker-Feldman. As the Supreme Court has cautioned, Rooker-Feldman "is a narrow doctrine," and "[i]ncorporation of preclusion principles into Rooker-Feldman risks turning that limited doctrine into a uniform federal rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act." Lance v. Dennis, 546 U.S. 459, 464, 466 (2006) (emphasis in original). The Court therefore does not find Plaintiffs' claims as against the Non-Municipal Defendants to be barred by Rooker-Feldman, to the extent they do not seek reversal of the foreclosure of the 1600 Nelson Property or compensatory damages above "surplus" or "excess value" of the Property, as set forth above.

Rule 12(b)(1) Review – Equitable Relief

The Municipal Defendants also assert that Plaintiffs lack standing to seek declaratory and injunctive relief that would, inter alia, declare the TPT Program unconstitutional and enjoin Defendants from "undertak[ing] in rem foreclosure actions pursuant to the [TPT]

Program." (MD Mem. at 15-16; Complaint ¶ 211(A)-(E).)[5]

To establish standing, the party invoking federal jurisdiction bears the burden of demonstrating: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) sufficient likelihood that the injury will be redressed by a favorable decision. Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560-61 (1992). When seeking injunctive or declaratory relief, a plaintiff "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] will be injured in the future." Dorce, F.4th at 95 (citation omitted). Moreover, the "threatened [future] injury" must be "certainly impending," or there must be "a substantial risk that the harm will occur," rather than a mere possibility. See id. (citation omitted).

Defendants argue that, as in Dorce, Plaintiffs lack standing to seek equitable relief in this case because any such remedy "would do nothing to prevent Plaintiffs from being evicted from the already foreclosed-upon 1600 Nelson Property." (MD Mem. at 16.) Plaintiffs do not respond to this argument in their opposition papers, and the Court agrees that there is no impending future injury discernible on the face of Plaintiffs' Complaint that could be remedied by the equitable relief they seek. Plaintiffs' property has already been foreclosed upon and their interests have been extinguished. As explained above, the Court has no jurisdiction to review and reject the state court in rem foreclosure judgment, and an order of this Court preventing the City's future use of the TPT Program, or declaring the use of such Program to be inappropriate

---

5 Plaintiffs frame the requested relief in Count XIV as declaratory relief, but the Plaintiffs also seek injunctive relief in this Count. See, e.g., Cicero v. Olgiati, 426 F. Supp. 1213, 1219 (S.D.N.Y. 1976) (explaining that injunctive relief is coercive, not merely persuasive, and that violations of injunctions are punishable by contempt); (see also Complaint ¶ 211(B) (seeking relief "[d]eclaring that Defendants can no longer undertake in rem foreclosure actions pursuant to the Third Party Transfer Program").)

as applied to the 1600 Nelson Property, will not ameliorate the injuries of which Plaintiffs complain. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable . . . where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]"); see also H.B. v. Byram Hills Cent. Sch. Dist., 648 F. App'x 122, 125 (2d Cir. 2016) (finding requested declaratory relief to be "impermissible" where aimed at past conduct (citing, inter alia, Ward v. Thomas, 207 F.3d 114, 120 (2d Cir. 2000))).

Count XIV is therefore dismissed for lack of standing.

Rule 12(b)(6) Review

Defendants argue that, to the extent Plaintiffs' claims are not barred by Rooker-Feldman, each claim is time-barred under the relevant statute of limitations. Specifically, Defendants argue that Plaintiffs knew, or had reason to know, of the in rem foreclosure judgment and subsequent transfer of the 1600 Nelson Property by September 26, 2018, at the latest, when Plaintiff 1600 Nelson HDFC filed its motion to vacate the foreclosure and reverse the transfer of the 1600 Nelson Property in the Bronx 52 Action, and that the statute of limitations on Plaintiffs' claims therefore accrued as of that date at the very latest. (MD Mem. at 7-9; NMD Mem. at 9-10.) Plaintiffs do not dispute Defendants' assertion that Plaintiffs knew, or had reason to know, of the foreclosure and transfer by September 26, 2018, but they raise a number of arguments in support of their assertion that certain of the claims set forth in the Complaint are timely. (Pls. Mem. at 11-18.)

The Court addresses each group of remaining claims and Plaintiffs' arguments in turn.

Counts I-V

Counts I-V of the Complaint are claims asserted under 42 U.S.C. sections 1983

and 1985. (Complaint ¶¶ 106-64.) The statute of limitations for claims arising under these statutes in New York is three years, with a claim accruing when "the plaintiff knows or has reason to know of the injury which is the basis of [his or her] action." Ward v. City of New York, 777 F. App'x 540, 542 (2d Cir. 2019) (citations omitted). There is no dispute that Plaintiffs knew or had reason to know of the injuries complained of, i.e., the in rem foreclosure and subsequent transfer of the 1600 Nelson Property, by September 26, 2018, at the latest, which renders Counts I-V of Plaintiffs' Complaint, filed in November 2023, untimely.

Plaintiffs advance five arguments as to why the Court should find that these claims are not time-barred, each of which is unavailing. Plaintiffs first argue that a challenge to the constitutionality of a notice provision, where the party had no timely notice, is not barred by statute of limitations, citing New York state and Second Circuit case law. (Pls. Mem. at 11-12.) To the extent Plaintiffs are seeking to vacate the default judgment of in rem foreclosure in the Bronx 52 Action for lack of timely notice, such relief is, as discussed above, barred by Rooker-Feldman. See discussion supra pp. 8-14. As to Plaintiffs' claims concerning lack of notice that preceded the foreclosure judgment, such as Plaintiffs' federal due process claim, Plaintiffs received sufficient notice of the foreclosure judgment and subsequent transfer of the 1600 Nelson Property to timely litigate any such claims. The City first obtained a default foreclosure judgment on November 16, 2017. Plaintiffs had actual notice as of September 26, 2018, approximately 314 days later, at the latest, when Plaintiff 1600 Nelson HDFC sought to vacate the default judgment and subsequent transfer in Bronx County Supreme Court. As opposed to the circumstances at issue in the case law cited by Plaintiffs, any purported deficiencies in the City's notice procedures therefore did not deprive Plaintiffs of "actual notice in time to bring their action"; ample time remained to litigate a claim within the governing three-year statute of

limitations. Cf., e.g., ISCA Enterprises v. City of New York, 77 N.Y.2d 688, 698 (N.Y. 1991).

Plaintiffs next make several arguments that go to the ripeness of their Section 1983 takings claim. "Ripeness is a doctrine rooted in both Article III's case or controversy requirement and prudential limitations on the exercise of judicial authority." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005) (citations omitted). At its core, ripeness requires the reviewing court to consider whether the claims before it are sufficiently concrete and final, or whether adjudication of the case would be premature, amounting to "abstract disagreements." Id. (quoting, inter alia, Abbott Labs v. Gardner, 387 U.S. 136, 148 (1967)).

Plaintiffs argue that their Section 1983 takings claim under the Fifth Amendment did not accrue at the time the 1600 Nelson Property was transferred, reasoning that takings claims are only ripe "when the government has both physically seized a property and denied its owner just compensation" (Pls. Mem. at 12 (emphasis in original)), and, here, "the City never communicated to Plaintiffs the fact that they would not receive any compensation for their surplus or equity value in the Subject Property taken" (id. at 13). Plaintiffs' argument appears to stem from a misinterpretation of the Supreme Court's decision in Knick v. Twp. of Scott, 588 U.S. 180 (2019), which overruled past precedent to hold that exhaustion of state law remedies is not a prerequisite to filing an action under Section 1983. (Pls. Mem. at 12 (citing Knick, 588 U.S. at 208-209 (Kagan, J., dissenting)).) In Knick, the Court specifically held that "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it," i.e., when the government has reached a "conclusive position" with respect to the property at issue. 588 U.S. at 185 (emphasis added); see also Pakdel v. City & Cnty. of San Francisco, 594 U.S. 474, 480 (2021) ("To be sure, we have indicated that a

plaintiff's failure to properly pursue administrative procedures may render a claim unripe if avenues still remain for the government to clarify or change its decision.").

In this case, the 1600 Nelson Property had been foreclosed upon and transferred pursuant to the TPT program by September 13, 2018. (See Complaint ¶ 23; id. ¶ 105 ("Following the seizure and transfer of the Title to the [1600 Nelson Property], neither Plaintiff HDFC nor any of the Shareholder Plaintiffs had any means or mechanism to obtain the Surplus or Excess of the Subject Property.").) At that point, there was no further opportunity for Plaintiff 1600 Nelson to redeem the 1600 Nelson Property, nor any further possibility that the Property would revert to the original owner, 1600 Nelson. Cf. Pakdel, 594 U.S. at 480; see also, e.g., N.Y.C. ADMIN. CODE § 11-412.1(d) (providing for a 4-month redemption period following entry of judgment for in rem foreclosure); id. § 11-412.1(i) (providing that the property that has been subject to in rem foreclosure must be conveyed to the City or to a third party within eight months after the entry of final judgment, or all parties that had an interest in the property must have their interest restored). Because this injury had ripened and Plaintiffs knew or should have known of the injury by September 26, 2018, at the latest, the statute of limitations on Plaintiffs' Section 1983 takings claim began to run as of that date, at the latest,[6] notwithstanding the existence of any unresolved avenues for seeking compensation for the taking.

[6] Knick resolved the question of when a Section 1983 case is ripe for adjudication, i.e., when the claim may be properly brought. See 588 U.S. at 185 (explaining when a Fifth Amendment takings claim is "actionable"). As noted, however, in a Section 1983 case, the statute of limitations only begins to run when a plaintiff knew or should have known of the injury forming the basis of the plaintiff's complaint. Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (citation omitted). Where, as here, a plaintiff alleges to have discovered an unconstitutional federal takings injury at a date later than when the government accomplished the taking, the statute of limitations for a Section 1983 claim premised on that taking only begins to run as of the date of discovery, despite the fact that such claim is, per Knick, ripe as soon as the unconstitutional taking is final.

Plaintiffs next argue that they could not have commenced the instant litigation until June 21, 2019, when the Supreme Court issued its decision in Knick, as prior precedent required property owners to seek compensation under state law in state court before bringing a federal takings claim under Section 1983. (Pls. Mem. at 13.) Even assuming that this argument is correct on the merits, the instant litigation would still be untimely; Plaintiffs would have been required to file their Complaint by June 21, 2022, to meet the three-year statute of limitations. Plaintiffs did not commence this action until November 2023.

Plaintiffs' final argument concerning ripeness is that the instant case was not ripe until the Court of Appeals denied Plaintiff 1600 Nelson HDFC's motion for leave to appeal, rendered on September 15, 2022, because the City's decision was not "final" until that point in time. (Pls. Mem. at 14.) This argument runs directly counter to the Supreme Court's holding in Knick, which expressly found that a Fifth Amendment violation occurs "at the time of the taking," and that "plaintiffs may bring constitutional [takings] claims under § 1983 'without first bringing any sort of state lawsuit, even when state court actions addressing the underlying behavior are available.'" 588 U.S. at 194 (citations omitted). The Supreme Court has instead made clear that "administrative 'exhaustion of state remedies' is not a prerequisite for a takings claim when the government has reached a conclusive position." Pakdel, 594 U.S. at 480 (citation omitted). In this case, such a "conclusive position" was reached by the City when the 1600 Nelson Property was transferred pursuant to the TPT Program on September 13, 2018, as explained above.

Plaintiffs next argue that the continuing violations doctrine provides an exception to the three-year limitations period. (Pls. Mem. at 14.) The continuing violations doctrine provides an "exception to the normal knew-or-should-have-known accrual date" where claims

are "composed of a series of separate acts that collectively constitute one unlawful . . . practice." Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999); Washington v. Cnty. of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (citations omitted). "The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of 'serial violations,' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." Lucente v. Cnty. of Suffolk, 980 F.3d 284, 309 (2d Cir. 2020) (citation omitted). The archetypal case is a discrimination action, where there is an ongoing discriminatory policy or practice. See id.

Plaintiffs argue that the continuing violation doctrine is applicable in this case, because "rather than a discrete act, Municipal Defendants' transfer of the deed was one of a series of acts to deprive Plaintiffs of their rights long after the transfer of the deed." (Pls. Mem. at 15.) Plaintiffs list as "continuing acts" the "lack of compensation and current attempts by Non-Municipal Defendants to use the local Courts to evict the individual[ly] named Plaintiffs from their homes," and the fact that the Municipal Defendants opposed Plaintiff 1600 Nelson HDFC's efforts to vacate the default in rem foreclosure judgment and subsequent transfer of the 1600 Nelson Property. (Id. at 15-16.)

The continuing violations doctrine is not, however, meant to encompass the continuing impact of a past harm, nor allegations of harm that merely reflect a defendant's "ongoing failure to fix a past wrong . . . as opposed to Defendant's committing any new misdeeds." Gonzales v. Nat'l Westminster Bank PLC, No. 11-CV-1435-LAP, 2013 U.S. Dist. LEXIS 183406, at *10 (S.D.N.Y. Nov. 18, 2013); see also Ugo-Alum v. N.Y. State DMV, No. 23-CV-7458-JPC, 2024 WL 3553168, at *13 (S.D.N.Y. July 26, 2024) ("[T]he law is clear that a claim accrues when an injury becomes known, regardless of when its effects are ultimately felt."

(gathering case law)). Plaintiffs' Complaint is premised on discrete injuries, i.e., the allegedly unconstitutional taking and subsequent transfer of their property, both of which now fall outside the relevant statute of limitations; their attempts to recast the lingering effects of those harms as a single unlawful practice is insufficient to support invocation of the continuing violations doctrine. Harris, 186 F.3d at 250 ("We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act." (citation omitted)).

Plaintiffs next note that "New York and the Second Circuit provide for tolling of the statute of limitations" in situations where there are "extraordinary circumstances" or where a plaintiff "was induced by fraud, misrepresentation or deception to refrain from filing a timely action." (Pls. Mem. at 16-17 (citing Lopez v. Annucci, 690 F. App'x 56, 59 (2d Cir. 2017); Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).) Plaintiffs assert that "Defendants pursued [a] fraudulent course of conduct in obtaining the foreclosure judgment, transfer of title, and eviction proceedings." (Id. at 17.) Their position is meritless. To start, there are no allegations in the Complaint describing Defendants' conduct as "fraudulent," nor do Plaintiffs assert a claim for fraud. (See generally Complaint.) In any case, Plaintiffs do not make clear in their Complaint or opposition briefing how this alleged course of conduct was designed to induce them to "refrain from filing a timely action," nor why or how they were prevented from doing so once they learned of Plaintiffs' allegedly unlawful conduct as of September 26, 2018, at the latest. See Abbas, 480 F.3d at 642 ("If a plaintiff cannot articulate any acts by defendants that prevented him from timely commencing suit then he has failed to meet his burden of showing that he was wrongfully induced by defendants not to commence suit." (internal quotation marks and citations omitted)).

As to Plaintiffs' argument concerning "extraordinary circumstances," the line of case law allowing for equitable tolling generally requires a plaintiff to establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Watson v. United States, 865 F.3d 123, 132 (2d Cir. 2017) (citation omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted). The Second Circuit has advised that, to secure equitable tolling under this exception, "it is not enough for a party to show that he experienced extraordinary circumstances; he must further demonstrate that those circumstances caused him to miss the original filing deadline." Smalls v. Collins, 10 F.4th 117, 146 (2d Cir. 2021) (internal quotation marks and citation omitted); see also Lopez, 690 F. App'x at 59.

Plaintiffs list a number of circumstances they characterize as "extraordinary," such as the Supreme Court's decision in Tyler v. Hennepin Cnty., 598 U.S. 621 (2023), issued nearly five years following the accrual of Plaintiffs' claims, but they do not attempt to explain or demonstrate how such circumstances prevented them from timely filing the instant litigation. (See Pls. Mem. at 17); see also, e.g., Aiken v. United States, Nos. 12-CV-6120, 06-CR-479-JFK (S.D.N.Y. Aug. 20, 2013) (finding unavailability of helpful precedent not to be an "extraordinary circumstance" because "that phrase is meant to connote an event which actually prevents a [plaintiff] from [filing]" (gathering case law)).

Apparently in conjunction with their argument concerning "extraordinary circumstances," Plaintiffs assert that there "exist issues of fact as to Defendants' purpose in effecting the TPT Program," and that, "[w]ithout the aid of discovery" as to said issue, "a motion to dismiss on statute[] of limitation[s] grounds is inappropriate and premature." (Pls. Mem. at

17-18.) Plaintiffs fail, however, to articulate how fact discovery would remedy any of the myriad legal deficiencies in their arguments, which have been reviewed at length above.

Accordingly, for the reasons explained above, the remainder of Plaintiffs' federal claims, Counts I-V, are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

State and Local Law Claims (Counts VI-XIII)

The remaining claims of the Complaint, Counts VI-XIII, are asserted under various provisions of state and local law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3) (Westlaw through P.L. 119-4). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citation omitted). Because all of Plaintiffs' federal claims are dismissed, the Court declines to exercise supplemental jurisdiction of Plaintiffs' state and local law claims. Counts VI-XII are dismissed without prejudice to litigation in a forum of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted. Counts XIV and XV are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and jurisdiction, respectively. Counts I-V are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as untimely. The Court declines to exercise jurisdiction of Counts VI-XIII, pursuant to 28 U.S.C. section 1367(c).

All claims against all parties having been resolved, the Clerk of Court is respectfully directed to enter judgment accordingly, terminate all pending motions, and close this case.

SO ORDERED.

Dated: New York, New York
March 31, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# Appendix A

C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX: PART IA-15**
------------------------------------------------------------X

**IN REM TAX FORECLSOURE ACTION NO. 52, BOROUGH OF THE BRONX**

**SECTIONS 9, 10, 11, 12, 14, 15 and 16**

Index №.: 40000/2015

**Hon. Ben R. Barbato, JSC**

**TAX CLASSES 1 and 2**

**RE: 1600 NELSON AVENUE HOUSING DEVELOPMENT FUND CORPORATION**
**1600 Nelson Avenue**
**Bronx, New York**
**Block: 2876 Lot: 1**
------------------------------------------------------------X

The following papers numbered 1 to _____ were read on this motion (Mot. Seq. No. #16) to submitted on August 18, 2023.

| | |
|---|---|
| Notice of Motion – Exhibits and Affidavits | NYSCEF No(s). |
| Affirmation in Opposition and Exhibits | NYSCEF No(s). |
| Affirmation in Reply | NYSCEF No(s). |

Motion is Respectfully Referred to Justice: ______
Dated: ______

In this ex parte order to show cause application, Defendant, 1600 Nelson Avenue Housing Development Fund Corporation ("1600 Nelson") seeks to renew its motion dated September 27, 2018 which sought inter alia, to vacate a default judgment obtained by the Plaintiff, the City of New York, against it. Teh Court denied the motion by decision and Order dated July 19, 2019 ("Court's Order"). Thereupon an appeal of the Court's Order was affirmed by the Appellate Division (see In Rem Tax Foreclosure Action No. 52, etc., City of New York v 1600 Nelson Avenue Housing Development Fund Corporation, 201 AD3d 517 [1st Dept 2022], which leave to appeal was denied by the Court of Appeals (In Rem Tax Foreclosure Action No. 52, etc., City of New York v 1600 Nelson Avenue Housing Development Fund Corporation, 38 NY3d 1171 [2022]).

It is axiomatic that a motion to renew is discretionary with the Court and is based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and therefore not made known to the court (see CPLR § 2221 [e]; see also, Foley v Roche, 68 AD2d 558 [1st Dept 1979]; Chris Grant Browhawk Films v Digital Seven LLC, 210 Ad3d 552 [1st Dept 2022]). Although, "[r]enewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application" (Foley v Roche, 68 AD2d at 568 [1st Dept 1979]), renewal may be appropriate in those instances where there is a change in the law. It is on this basis that 1600 Nelson seeks to vacate the Court's Order, relying on the United States Supreme Court decision in

Tyler v Hennepin County, Minnesota et al, 598 US 631 (2023) and United States Court of Appeals, Second Circuit decision in Dorce, et al. v City of New York 2 F4th 82 (2d Cir 2021).

The application is entirely misplaced insofar as the Court's Order addressed the default judgment entered against 1600 Nelson in the in rem proceeding, and a finding that 1600 Nelson did not present a basis to vacate the same. The federal cases cited would not have an impact on the vacatur of the default. Indeed, the relief sought at this juncture, would address the alleged improper taking and just compensation therefor, a remedy which would be properly adjudicated in the federal action that 1600 Nelson has commenced. The Court accordingly denies to entertain the application.

Dated: AUG 0 1 2024

Hon. [signature]
BEN R. BARBATO, J.S.C.

1. CHECK ONE.......................... X CASE DISPOSED IN ITS ENTIRETY ☐ CASE STILL ACTIVE
2. MOTION IS.......................... ☐GRANTED ☒DENIED ☐ GRANTED IN PART ☐ OTH
3. CHECK IF APPROPRIATE.......................... ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ SCHEDULE APPEARANCE ☐ FIDUCIARY APPOINTMENT ☐ REFEREE APPOINTMENT

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:23-cv-09616-LTS

Adon et al v. City of New York et al
Assigned to: Judge Laura Taylor Swain
Cause: 28:1331cv Fed. Question: Other Civil Rights

Date Filed: 11/01/2023
Date Terminated: 03/31/2025
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**1600 Nelson Avenue Housing Development Fund Corporation**
*on behalf of those individuals and families entitled to homeownership and/or occupancy in its housing project developed pursuant to Article XI of the New York State Private Housing Finance Law*

represented by **Jesse Douglass Gribben**
District Council 37, Afscme, Afl-Cio
125 Barclay Street
New York, NY 10007
(212)-815-1450
Fax: (212)-815-1440
Email: jgribben@hmgdjlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Isabel Adon**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Walkiria Colon**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rafael Cotto**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Erenia Fermin Guzman**
*onn behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lorani Garcia**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Gonzalez**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Junior Gonzalez**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matilde Gonzalez**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenia Minier**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yadira Polanco**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gilberto Rivera**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dinora Velasquez**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Doris Velasquez**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Violeta Guerrero**
*on behalf of all other similarly situated persons*

represented by **Jesse Douglass Gribben**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of New York** represented by **Andrea Bonnie Feller**
New York City Law Depart. Office of the Corporation Counsel
100 Church Street
New York, NY 10007
212 788 9555
Fax: 212 788-8872
Email: AFeller@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Kuo Crandall**
New York City Law Department
Commercial and Real Estate Litigation Division
100 Church Street
New York, NY 10007
212-356-2364
Email: dcrandal@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Michael S. Adler**
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007
(212)788-1019
Fax: (212) 788-8872
Email: madler@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Adolfo Carrion, Jr.**
*Commissioner of the New York City Department of Housing Preservation and Development*
represented by **Daniel Kuo Crandall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Adler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Preston Niblack**
*Commissioner of the New York City Department of Finance*
represented by **Daniel Kuo Crandall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Neighborhood Restore Housing Development Fund Corporation** | represented by | **Brian J Markowitz**<br>Tarter Krinsky & Drogin LLP<br>New York<br>1350 Broadway<br>New York, NY 10018<br>212-216-8029<br>Fax: 315-512-1460<br>Email: bmarkowitz@tarterkrinsky.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Katherine Greer Kuras**<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>Ste 11th Floor<br>New York, NY 10018<br>212-216-8000<br>Email: gkuras@tarterkrinsky.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Rachel J. Hong**<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>Ste Fl 11<br>New York, NY 10018<br>212-574-0372<br>Email: rhong@tarterkrinsky.com<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | | |
| **Bronx Pro Group, LLC** | represented by | **Brian J Markowitz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Katherine Greer Kuras**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Rachel J. Hong**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2023 | 1 | **FILING ERROR - DEFICIENT PLEADING - FILER ERROR -** COMPLAINT against Isabel Adon, 1600 Nelson Avenue Housing Development Fund Corporation, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Odina Guerrero, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier. (Filing Fee $ 402.00.)Document filed by Isabel Adon..(Gribben, Jesse) Modified on 11/3/2023 (jgo). (Entered: 11/01/2023) |
| 11/02/2023 | | ***NOTICE TO ATTORNEY TO PAY THE FILING FEE. Notice to Attorney Jesse Douglass Gribben. Civil Case Opening Fee of Due: for 1 Complaint,. The filing fee due |

| | | |
|---|---|---|
| | | was not paid; either in whole or in part. If the filing fee is not paid within five (5) days, per Amended Standing Order 15-mc-131, this case will be administratively closed. Filing Fee due by 11/7/2023..(jgo) (Entered: 11/02/2023) |
| 11/02/2023 | | Civil Case Opening Fee Payment: for 1 Complaint,. Filing fee $ 402.00, receipt number ANYSDC-28516527..(Gribben, Jesse) (Entered: 11/02/2023) |
| 11/03/2023 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Jesse Douglass Gribben to RE-FILE re: Document No. 1 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; add all of the plaintiffs 'individually'; all of the filers were not selected for the pleading; the wrong party/parties whom the pleading is against were selected. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re-file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo)** (Entered: 11/03/2023) |
| 11/03/2023 | | *****NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Jesse Douglass Gribben. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (jgo)** (Entered: 11/03/2023) |
| 11/03/2023 | | *****NOTICE TO ATTORNEY REGARDING REMOVAL OF PARTY. Notice to attorney Jesse Douglass Gribben. The following party/parties has been removed from this case: Odina Guerrero. The party was added to the case in error. (jgo)** (Entered: 11/03/2023) |
| 11/03/2023 | | *****NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Jesse Douglass Gribben. The party information for the following party/parties has been modified: all plaintiffs and defendants. The information for the party/parties has been modified for the following reason/reasons: party name was entered in all caps; party role was entered incorrectly; party text was omitted;. (jgo)** (Entered: 11/03/2023) |
| 11/03/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jennifer H. Rearden. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 11/03/2023) |
| 11/03/2023 | | Magistrate Judge Sarah L. Cave is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 11/03/2023) |
| 11/03/2023 | | Case Designated ECF. (jgo) (Entered: 11/03/2023) |
| 11/03/2023 | 2 | CIVIL COVER SHEET filed..(Gribben, Jesse) (Entered: 11/03/2023) |
| 11/17/2023 | | ADD PARTY FOR PLEADING. Plaintiffs/Petitioners Kenia Minier, Violeta Guerrero, Jose Gonzalez, Isabel Adon, 1600 Nelson Avenue Housing Development Fund Corporation, Gilberto Rivera, Lorani Garcia, Walkiria Colon, Matilde Gonzalez, Yadira Polanco, Dinora Velasquez, Doris Velasquez, Jose Junior Gonzalez, Rafael Cotto, Erenia |

| | | |
|---|---|---|
| | | Fermin Guzman added. Party added pursuant to 1 Complaint,.Document filed by Kenia Minier, Violeta Guerrero, Jose Gonzalez, Isabel Adon, 1600 Nelson Avenue Housing Development Fund Corporation, Gilberto Rivera, Lorani Garcia, Walkiria Colon, Matilde Gonzalez, Yadira Polanco, Dinora Velasquez, Doris Velasquez, Jose Junior Gonzalez, Rafael Cotto, Erenia Fermin Guzman. Related document: 1 Complaint,..(Gribben, Jesse) (Entered: 11/17/2023) |
| 11/17/2023 | 3 | COMPLAINT against Bronx Pro Group, LLC, Adolfo Carrion, Jr, City of New York, Neighborhood Restore Housing Development Fund Corporation, Preston Niblack. Document filed by Kenia Minier, Violeta Guerrero, Jose Gonzalez, Isabel Adon, 1600 Nelson Avenue Housing Development Fund Corporation, Gilberto Rivera, Lorani Garcia, Walkiria Colon, Matilde Gonzalez, Yadira Polanco, Dinora Velasquez, Doris Velasquez, Jose Junior Gonzalez, Rafael Cotto, Erenia Fermin Guzman..(Gribben, Jesse) (Entered: 11/17/2023) |
| 12/01/2023 | 4 | **FILING ERROR - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to City of New York, Adolfo Carrion, Jr., Preston Niblack, Neighborhood Restore Housing Development Fund Corporation, Bronx Pro Group, LLC, re: 3 Complaint,. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) Modified on 12/4/2023 (jgo). (Entered: 12/01/2023) |
| 12/04/2023 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Jesse Douglass Gribben to RE-FILE Document No. 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; party name on the PDF 'To' section must match exactly as it appears on the pleading caption and must not be abbreviated (Neighborhood Restore HDFC). Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo)** (Entered: 12/04/2023) |
| 12/05/2023 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to City of New York, Adolfo Carrion, Jr., Preston Niblack, Neighborhood Restore Housing Development Fund Corporation, Bronx Pro Group, LLC, re: 3 Complaint,. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 12/05/2023) |
| 12/06/2023 | 6 | ELECTRONIC SUMMONS ISSUED as to Bronx Pro Group, LLC, Adolfo Carrion, Jr, City of New York, Neighborhood Restore Housing Development Fund Corporation, Preston Niblack..(pc) (Entered: 12/06/2023) |
| 12/12/2023 | 7 | AFFIDAVIT OF SERVICE of Summons and Complaint served on Neighborhood Restore Housing Development Fund Corporation on December 7, 2023. Service was accepted by Nancy Doe. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 12/12/2023) |
| 12/12/2023 | 8 | AFFIDAVIT OF SERVICE of Summons and Complaint served on Preston Niblack on December 7, 2023. Service was accepted by Ariton Marke. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, |

| | | |
|---|---|---|
| | | Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 12/12/2023) |
| 12/12/2023 | 9 | AFFIDAVIT OF SERVICE of Summons and Complaint served on Adolfo Carrion on December 7, 2023. Service was accepted by Ariton Marke. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 12/12/2023) |
| 12/21/2023 | 10 | NOTICE OF APPEARANCE by Andrea Bonnie Feller on behalf of City of New York.. (Feller, Andrea) (Entered: 12/21/2023) |
| 12/22/2023 | 11 | FIRST LETTER MOTION for Extension of Time *to respond to complaint* addressed to Judge Jennifer H. Rearden from Andrea B. Feller dated December 22, 2023. Document filed by City of New York. Return Date set for 12/28/2023 at 05:00 PM..(Feller, Andrea) (Entered: 12/22/2023) |
| 12/26/2023 | 12 | ORDER granting 11 Letter Motion for Extension of Time. Application GRANTED. Defendant City of New York shall respond to the Complaint by Thursday, February 29, 2024. The Clerk of Court is directed to terminate ECF No. 11. SO ORDERED. (Signed by Judge Jennifer H. Rearden on 12/26/2023) (tg) (Entered: 12/26/2023) |
| 12/26/2023 | | Set/Reset Deadlines: City of New York answer due 2/29/2024. (tg) (Entered: 12/26/2023) |
| 02/21/2024 | 13 | NOTICE OF APPEARANCE by Daniel Kuo Crandall on behalf of Adolfo Carrion, Jr, City of New York, Preston Niblack..(Crandall, Daniel) (Entered: 02/21/2024) |
| 02/21/2024 | 14 | SECOND LETTER MOTION for Extension of Time to File Answer addressed to Judge Jennifer H. Rearden from Andrea B. Feller dated February 21, 2024. Document filed by Adolfo Carrion, Jr, City of New York, Preston Niblack..(Crandall, Daniel) (Entered: 02/21/2024) |
| 02/22/2024 | 15 | ORDER: granting 14 Letter Motion for Extension of Time to Answer re 14 SECOND LETTER MOTION for Extension of Time to File Answer. addressed to Judge Jennifer H. Rearden from Andrea B. Feller dated February 21, 2024. Application GRANTED. Defendant's time to respond to the Complaint is extended to Friday, March 29, 2024. The Clerk of Court is directed to terminate ECF No. 14. SO ORDERED. City of New York answer due 3/29/2024. (Signed by Judge Jennifer H. Rearden on 2/22/2024) (ama) (Entered: 02/22/2024) |
| 03/29/2024 | 16 | MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6)*. Document filed by Adolfo Carrion, Jr, City of New York, Preston Niblack..(Crandall, Daniel) (Entered: 03/29/2024) |
| 03/29/2024 | 17 | DECLARATION of Andrea B. Feller in Support re: 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6)*.. Document filed by Adolfo Carrion, Jr, City of New York, Preston Niblack. (Attachments: # 1 Exhibit 1600 Nelson Memorandum if Law in Bronx 52 Foreclosure Action, # 2 Exhibit 1600 Nelson Reply Affirmation in Bronx 52 Foreclosure Action, # 3 Exhibit Bronx Supreme Court Decision in Bronx 52 Foreclosure Action, # 4 Exhibit Breaking the Cycle of Abandonment (Article), # 5 Exhibit Louise Carrol Testimony, # 6 Exhibit Seven Unreported Decisions, # 7 Exhibit HPD's Request for Qualifications re: TPT, # 8 Exhibit Affirmation in Opposition to 1600 Nelson Motion in Bronx 52).(Crandall, Daniel) (Entered: 03/29/2024) |
| 03/29/2024 | 18 | MEMORANDUM OF LAW in Support re: 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6)*. . Document filed by Adolfo Carrion, Jr, City of New York, Preston Niblack..(Crandall, Daniel) (Entered: 03/29/2024) |

| | | |
|---|---|---|
| 03/29/2024 | 19 | MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).* Document filed by Bronx Pro Group, LLC, Neighborhood Restore Housing Development Fund Corporation. (Attachments: # 1 Affidavit Affirmation of Brian J. Markowitz In Support of Motion to Dismiss Complaint, # 2 Exhibit Exhibit A - Plaintiff's Order to Show Cause, # 3 Exhibit Exhibit B -- Memorandum Decision of the Hon. Ben R. Barbato dated May 31, 2019, # 4 Exhibit Exhibit C -- 1600 Nelson Brief to Appellate Division First Department, # 5 Exhibit Exhibit D -- Complaint).(Markowitz, Brian) (Entered: 03/29/2024) |
| 03/29/2024 | 20 | MEMORANDUM OF LAW in Support re: 19 MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).* . Document filed by Bronx Pro Group, LLC, Neighborhood Restore Housing Development Fund Corporation..(Markowitz, Brian) (Entered: 03/29/2024) |
| 04/10/2024 | 21 | FIRST LETTER MOTION for Extension of Time *to oppose motions to dismiss* addressed to Judge Jennifer H. Rearden from Jesse Gribben dated April 10, 2024. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 04/10/2024) |
| 04/24/2024 | 22 | ORDER granting 21 Letter Motion for Extension of Time. Application GRANTED. Plaintiffs' deadline to file their opposition papers is extended, nunc pro tunc, to May 14, 2024. Defendants deadline to file their respective replies is extended to June 4, 2024. The Clerk of Court is directed to terminate ECF No. 21. SO ORDERED. (Signed by Judge Jennifer H. Rearden on 4/24/2024) (mml) (Main Document 22 replaced on 4/25/2024) (kwi). Modified on 4/25/2024 (kwi). (Entered: 04/24/2024) |
| 04/24/2024 | | Set/Reset Deadlines: Responses due by 5/14/2024 Replies due by 6/4/2024. (mml) Modified on 4/25/2024 (kwi). (Entered: 04/24/2024) |
| 05/03/2024 | | NOTICE OF CASE REASSIGNMENT to Judge Laura Taylor Swain. Judge Jennifer H. Rearden is no longer assigned to the case. (vba) (Entered: 05/03/2024) |
| 05/13/2024 | 23 | SECOND LETTER MOTION for Extension of Time *to oppose motions to dismiss* addressed to Judge Laura Taylor Swain from Jesse Gribben dated May 13, 2024. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 05/13/2024) |
| 05/13/2024 | 24 | ORDER granting 23 Letter Motion for Extension of Time. The foregoing request is granted. Plaintiffs' opposition papers to the pending motions to dismiss (docket entry nos. 16, 19) shall be due by June 14, 2024. Defendants' replies shall be due by July 5, 2024. SO ORDERED. (Signed by Judge Laura Taylor Swain on 5/13/2024) (tg) (Entered: 05/13/2024) |
| 05/13/2024 | | Set/Reset Deadlines: Responses due by 6/14/2024 Replies due by 7/5/2024. (tg) (Entered: 05/13/2024) |
| 05/17/2024 | 25 | NOTICE OF APPEARANCE by Rachel J. Hong on behalf of Bronx Pro Group, LLC, Neighborhood Restore Housing Development Fund Corporation..(Hong, Rachel) (Entered: 05/17/2024) |
| 06/12/2024 | 26 | THIRD LETTER MOTION for Extension of Time *to oppose motions to dismiss* addressed to Judge Laura Taylor Swain from Jesse Gribben dated June 12, 2024. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria |

| | | |
|---|---|---|
| | | Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 06/12/2024) |
| 06/13/2024 | 27 | ORDER granting 26 Letter Motion for Extension of Time. The foregoing request is granted. Plaintiffs' opposition papers to the pending motions to dismiss (docket entry nos. 16, 19) must be filed by July 15, 2024. Defendants' replies must be filed by August 30, 2024. SO ORDERED. (Signed by Judge Laura Taylor Swain on 6/13/2024) (vfr) (Entered: 06/13/2024) |
| 06/13/2024 | | Set/Reset Deadlines: Responses due by 7/15/2024 Replies due by 8/30/2024. (vfr) (Entered: 06/13/2024) |
| 07/15/2024 | 28 | FOURTH LETTER MOTION for Extension of Time *to oppose motions to dismiss* addressed to Judge Laura Taylor Swain from Jesse Gribben dated July 15, 2024. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 07/15/2024) |
| 07/17/2024 | 29 | ORDER granting 28 Letter Motion for Extension of Time. The foregoing request is granted. Plaintiffs' opposition papers to the pending motions to dismiss (docket entry nos. 16, 19) must be filed by July 29, 2024. Defendants' replies must be filed by September 13, 2024. No further extensions will be granted barring exceptional circumstances. SO ORDERED. (Signed by Judge Laura Taylor Swain on 7/17/24) (yv) (Entered: 07/18/2024) |
| 07/17/2024 | | Set/Reset Deadlines: Responses due by 7/29/2024 Replies due by 9/13/2024. (yv) (Entered: 07/18/2024) |
| 07/29/2024 | 30 | DECLARATION of Jesse Gribben in Opposition re: 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6).*, 19 MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).*. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez. (Attachments: # 1 Exhibit NYS Court of Appeals decision dated Sept. 15, 2022, # 2 Exhibit NY Supreme Court decision dated May 31, 2019, # 3 Exhibit App. Div. decision dated January 18, 2022, # 4 Exhibit Plaintiff's OSC dated July 26, 2024, # 5 Exhibit Testimony of HPD Commissioner Wright, # 6 Exhibit Testimony of HPD Commissioner Spigner, # 7 Exhibit Notices of Petitions and Petitions filed by Def. Neighborhood Restore).(Gribben, Jesse) (Entered: 07/29/2024) |
| 07/29/2024 | 31 | FIRST MEMORANDUM OF LAW in Opposition re: 19 MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).*, 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6).*. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez..(Gribben, Jesse) (Entered: 07/29/2024) |
| 09/13/2024 | 32 | REPLY MEMORANDUM OF LAW in Support re: 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6).*. Document filed by Adolfo Carrion, Jr, City of New York, Preston Niblack..(Crandall, Daniel) (Entered: 09/13/2024) |
| 09/13/2024 | 33 | REPLY MEMORANDUM OF LAW in Support re: 19 MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).*. Document filed by Bronx Pro Group, LLC, |

| | | |
|---|---|---|
| | | Neighborhood Restore Housing Development Fund Corporation..(Markowitz, Brian) (Entered: 09/13/2024) |
| 11/22/2024 | 34 | NOTICE OF APPEARANCE by Katherine Greer Kuras on behalf of Neighborhood Restore Housing Development Fund Corporation, Bronx Pro Group, LLC..(Kuras, Katherine) (Entered: 11/22/2024) |
| 12/18/2024 | 35 | NOTICE OF APPEARANCE by Michael S. Adler on behalf of City of New York, Adolfo Carrion, Jr..(Adler, Michael) (Entered: 12/18/2024) |
| 03/31/2025 | 36 | MEMORANDUM OPINION AND ORDER re: 19 MOTION to Dismiss *the Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).* filed by Neighborhood Restore Housing Development Fund Corporation, Bronx Pro Group, LLC, 16 MOTION to Dismiss *Pursuant to FRCP 12(b)1) and 12(b)(6).* filed by Adolfo Carrion, Jr., Preston Niblack, City of New York. For the foregoing reasons, Defendants' motions to dismiss are granted. Counts XIV and XV are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and jurisdiction, respectively. Counts I-V are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as untimely. The Court declines to exercise jurisdiction of Counts VIXIII, pursuant to 28 U.S.C. section 1367(c). All claims against all parties having been resolved, the Clerk of Court is respectfully directed to enter judgment accordingly, terminate all pending motions, and close this case. SO ORDERED. (Signed by Judge Laura Taylor Swain on 3/31/2025) (ar) Transmission to Orders and Judgments Clerk for processing. (Entered: 03/31/2025) |
| 03/31/2025 | 37 | CLERK'S JUDGMENT re: 36 Memorandum & Opinion in favor of Bronx Pro Group, LLC, City of New York, Neighborhood Restore Housing Development Fund Corporation, Adolfo Carrion, Jr, Preston Niblack against 1600 Nelson Avenue Housing Development Fund Corporation, Dinora Velasquez, Doris Velasquez, Erenia Fermin Guzman, Gilberto Rivera, Isabel Adon, Jose Gonzalez, Jose Junior Gonzalez, Kenia Minier, Lorani Garcia, Matilde Gonzalez, Rafael Cotto, Violeta Guerrero, Walkiria Colon, Yadira Polanco. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and Order dated March 31, 2025, Defendants' motions to dismiss are granted. Counts XIV and XV are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and jurisdiction, respectively. Counts I-V are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as untimely. The Court has declined to exercise jurisdiction of Counts VIXIII, pursuant to 28 U.S.C. section 1367(c). All claims against all parties having been resolved; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 3/31/2025) (Attachments: # 1 Appeal Package) (km) (Entered: 03/31/2025) |
| 04/29/2025 | 38 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF APPEAL. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez. Filing fee $ 605.00, receipt number ANYSDC-31003401. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gribben, Jesse) Modified on 4/29/2025 (nd). (Entered: 04/29/2025) |
| 04/29/2025 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Jesse Gribben to RE-FILE Document No. 38 Notice of Appeal,,.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (nd)** (Entered: 04/29/2025) |

| | | |
|---|---|---|
| 04/30/2025 | 39 | FIRST NOTICE OF APPEAL from 37 Clerk's Judgment,,,,. Document filed by 1600 Nelson Avenue Housing Development Fund Corporation, Isabel Adon, Walkiria Colon, Rafael Cotto, Lorani Garcia, Jose Gonzalez, Jose Junior Gonzalez, Matilde Gonzalez, Violeta Guerrero, Erenia Fermin Guzman, Kenia Minier, Yadira Polanco, Gilberto Rivera, Dinora Velasquez, Doris Velasquez. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gribben, Jesse) Modified on 4/30/2025 (km). (Entered: 04/30/2025) |
| 04/30/2025 | | USCA Appeal Fees received $605.00 receipt number ANYSDC-31003401 on 4/29/2025 re: 39 Notice of Appeal, filed by 1600 Nelson Avenue Housing Development Fund Corporation, Rafael Cotto, Violeta Guerrero, Gilberto Rivera, Walkiria Colon, Dinora Velasquez, Lorani Garcia, Erenia Fermin Guzman, Jose Junior Gonzalez, Kenia Minier, Jose Gonzalez, Matilde Gonzalez, Yadira Polanco, Isabel Adon, Doris Velasquez.(km) (Entered: 04/30/2025) |
| 04/30/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 39 Notice of Appeal.(km) (Entered: 04/30/2025) |
| 04/30/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 39 Notice of Appeal, filed by 1600 Nelson Avenue Housing Development Fund Corporation, Rafael Cotto, Violeta Guerrero, Gilberto Rivera, Walkiria Colon, Dinora Velasquez, Lorani Garcia, Erenia Fermin Guzman, Jose Junior Gonzalez, Kenia Minier, Jose Gonzalez, Matilde Gonzalez, Yadira Polanco, Isabel Adon, Doris Velasquez were transmitted to the U.S. Court of Appeals.(km) (Entered: 04/30/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/23/2025 14:38:12 | | | |
| **PACER Login:** | jgribben | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-09616-LTS |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

## ADDENDUM B

## LISTO F THE ISSUED PROPOSED TO BE RAISED ON APPEAL, AND THEIR APPLICABLE STANDARD OF REVIEW

Issue 1: Whether the District Court erred in holding that the Rooker-Feldman doctrine barred Plaintiffs from seeking compensatory damages above the "surplus" or "excess value" of the subject property after accounting for the tax arrears owed to the City?

Standard of Review: The Second Circuit reviews de novo dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021). See also, APWU v. Porter, 343 F.3d 619 (2d Cir. 2003).

Issue 2: Whether the District Court erred in holding that Plaintiffs lacked standing to seek declaratory and injunctive relief to declare the TPT Program unconstitutional?

Standard of Review: The Second Circuit reviews de novo legal conclusions, including interpretation of federal statutes and determinations regarding their constitutionality. Id.

Issue 3: Whether the District Court erred in holding that Plaintiffs' 42 U.S.C sections 1983 and 1985 claims are time-barred under the relevant statute of limitations?

Standard of Review: This issued should be reviewed de novo, as the District Court's conclusions interpreted one or more federal statutes. United States v. Weingarten, 632 F.3d 60, 63, (2d Cir. 2011).

Issue 4: Whether the District Court erred in declining to exercise supplemental jurisdiction of state and local law claims?

Standard of Review: The issue should be reviewed for abuse of discretion. Moreover, the Second Circuit's standard of review a District Court's decision to abstain from exercising jurisdiction is "more rigorous than which is generally employed such that there is little practical distinction from de novo

review. Dorce v. City of New York, 2 F.4th 82 (2d. Cir. 2021), citing Joseph v. Hyman, 659 F.3d 215, 218 n. 1 (2d Cir. 2011).